# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL LEWIS TAYLOR, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:17-CV-231 CEJ |
| DAVID NULL, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, Samuel Lewis Taylor, (registration no. 166914), an inmate at Crossroads Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.13. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint as to plaintiff's claims against defendants in their individual capacities. Plaintiff's claims against defendants in their official capacities will be dismissed.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $25.66, and an average monthly balance of $-.02. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.13, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are correctional officers David Null and Bruce Millburn.

The allegations in the complaint relate to the time that plaintiff was an inmate at Potosi Correctional Center. He claims that on June 3, 2012, he was called out of his cell by defendant Milburn and was told to clean. Plaintiff told defendant Milburn it was a "two-man" job, and defendant Milburn responded by telling plaintiff to "lock-down." Plaintiff then went back to his cell. About 20 minutes later, defendant Milburn came back to plaintiff's cell and took plaintiff to the restraint bench in Housing Unit 3 and handcuffed him there. Plaintiff alleges that while defendant Milburn was handcuffing him to the restraint bench, defendant Null took a metal padlock that was hanging from a metal chain and hit him over his middle finger, causing him extreme pain and swelling. Plaintiff claims that he was left handcuffed to the bench for approximately ten minutes, until defendant Null took plaintiff to medical to be assessed, and then on to Housing Unit 2, the Administrative Segregation Unit.

Plaintiff asserts that on the way to the Administrative Segregation Unit defendant Null rammed his face into the concrete wall twice, cracking and chipping three teeth. Plaintiff also alleges that while he was still handcuffed in his cell in the Administrative Segregation Unit, defendant Null hit him in the jaw.

Plaintiff claims that on June 14, 2012 he saw a dentist, who confirmed that plaintiff's teeth were not cracked or chipped at his previous dentist appointment.

In his request for relief plaintiff seeks compensatory and punitive damages.

**Discussion**

Plaintiff claims that the defendants used excessive force against him, in violation of the Eighth Amendment. He sues defendants Null and Milburn in their individual and official capacities. The Court will issue process on plaintiff's claims against defendants Null and

Millburn in their individual capacities, but it will dismiss plaintiff's claims against defendants in their official capacities.

Plaintiff's general claim that "a policy or custom of the public entity was responsible for the alleged constitutional violation" is not enough to state an official capacity claim against defendants when he has not alleged the specific policy or custom he purports to be unconstitutional. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-51 (2009) (it is not enough for a plaintiff to plead mere "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action..."). As such, the official capacity claims will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $5.13 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon plaintiff's claims against defendants Null and Milburn in their individual capacities. Because defendants are Missouri Correctional Officers, they should be served through the waiver agreement maintained with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

Dated this 1st day of February, 2017.

                                                         CAROL E. JACKSON
                                                         UNITED STATES DISTRICT JUDGE